UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| | |
|---|---|
| TELLY MONTANA PRITCHETT, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JAMIE ANDERSON, ET AL., ) <br> ) <br> Defendants. ) | Case No. CV606-098 |

### REPORT AND RECOMMENDATION

Plaintiff filed the instant complaint pursuant to 42 U.S.C. § 1983 on October 25, 2006, alleging that defendants used excessive force upon him and were deliberately indifferent towards his safety while he was incarcerated at the Georgia State Prison in Reidsville, Georgia. Doc. 1. Defendants have filed a motion to dismiss plaintiff's complaint on the grounds that plaintiff has failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, and that the complaint fails to state a claim upon which relief may be granted. Doc. 14. Defendants have filed a brief in support of their motion, doc. 15, and plaintiff has filed a response. Doc. 17. For the

following reasons, defendants' motion to dismiss for lack of exhaustion should be GRANTED and plaintiff's complaint should be DISMISSED without prejudice.

### I. BACKGROUND

Plaintiff alleges that on June 14, 2006, defendant Anderson physically assaulted him while he was handcuffed, resulting in numerous facial injuries including a broken nose, busted lip, and black eye. Doc. 1. Plaintiff further alleges that defendants Farmer and Hutchinson watched as the assault took place and did nothing to prevent it, and that when defendant Anderson had stopped assaulting plaintiff, they slammed plaintiff to the ground and dragged him to the medical floor. Id.

Plaintiff filed an informal grievance of these events on June 22, 2006. Doc. 15. On June 26, plaintiff filed a formal grievance. Id. Plaintiff filed the present complaint on October 25, 2006, asserting that the above acts amount to cruel and unusual punishment in violation of his Eighth Amendment rights and excessive force in violation of his Fourteenth Amendment rights. Doc. 1. Plaintiff is seeking $200,000 in punitive damages. Id.

## II.   ANALYSIS

Prior to bringing a § 1983 action challenging the conditions of his confinement, a prisoner is required to exhaust all available administrative remedies. The PLRA amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under Section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Eleventh Circuit has made clear that the mandatory exhaustion requirement is a "'pre-condition to suit'" that must be enforced even if the available administrative remedies are either futile or inadequate. Harris v. Garner, 190 F.3d 1279, 1285-86 (11th Cir. 1999) (quoting Alexander v. Hawk, 159 F.3d 1321, 1325-26 (11th Cir. 1998), vacated, 197 F.3d 1059, reinstated in part, 216 F.3d 970 (11th Cir. 2000)). "In the absence of particularized averments concerning exhaustion showing the nature of the administrative proceeding and its outcome, the action must be dismissed under § 1997e." Knuckles v. Toombs, 215 F.3d 640, 642 (6th Cir. 2000).

The United States Supreme Court has recently reiterated the mandatory nature of the exhaustion requirement. See Porter v. Nussle, 534 U.S. 516, 523 (2002) (mandatory exhaustion requirement applies to all inmate suits about prison life). Furthermore, the PLRA "requires proper exhaustion." Woodford v. Ngo, 126 S. Ct. 2378, 2387 (2006). An inmate must "us[e] all steps" in the administrative process and comply with any administrative "deadlines and other critical procedural rules" before exhaustion is proper. Id. at 2385-86. Thus, if an inmate has filed an "untimely or otherwise procedurally defective administrative grievance or appeal," an inmate has not properly exhausted his administrative remedies. Id. at 2382; see also Lambert v. United States, 198 Fed. Appx. 835 (11th Cir. 2006) (proper exhaustion requires filing grievance "under the terms of and according to the time set by BOP regulations"). If a prisoner fails to complete the administrative process or falls short of compliance with procedural rules governing prisoner grievances, he procedurally defaults his claims. Johnson v. Meadows, 418 F.3d 1152, 1159 (11th Cir. 2005). "[A] Georgia prisoner 'must timely meet the deadlines or the good cause standard of Georgia's administrative grievance procedures'" in order to exhaust his

4

administrative remedies properly. Salas v. Tillman, 162 Fed. Appx. 918, 920 (11th Cir. 2006) (quoting Johnson, 418 F.3d at 1155).

Defendants contend that plaintiff's complaint should be dismissed because plaintiff did not appeal his grievance after the warden failed to respond to it within thirty days. Doc. 15. The grievance procedure provides that the formal grievance process shall be completed within thirty calendar days from the day the inmate files his formal grievance with the counselor. SOP IIB05-0001(VI)(C)(14). The procedure allows for an inmate to appeal his grievance to the Commissioner's Office once the time period for the warden to respond has expired, provided that the warden has not requested an extension of time to respond to the grievance. SOP IIB05-0001(VI)(A)(11). As of October 25, 2006, the warden at Georgia State Prison had not responded to plaintiff's formal grievance and plaintiff had not appealed the grievance despite the warden's failure to respond. Doc. 15. Defendants contend that since plaintiff has not filed an appeal "as he was permitted to do under SOP IIB05-0001," he has failed to exhaust his administrative remedies. Id. As the language of defendants' motion suggests, the grievance procedure does not require an inmate to appeal a grievance after the time for the

warden's response has passed, but simply permits him to do so. The grievance procedure explicitly states that an inmate "may" appeal his grievance without receiving a response from the warden if the time for that response has passed, thereby implicitly providing that an inmate may elect to wait for a decision from the warden before filing an appeal. See SOP IIB01-0001(VI)(A)(11). Thus, defendants' argument that plaintiff failed to exhaust his administrative remedies on this ground fails.

Section 1997e(a), however, requires an inmate to exhaust his administrative remedies prior to filing his complaint in federal court. See Brown v. Sikes, 212 F.3d 1205, 1207 (11th Cir. 2000) ("when a state provides a grievance procedure for its prisoners, . . . an inmate alleging harm suffered from prison conditions must file a grievance and exhaust the remedies available under that procedure before pursuing a § 1983 lawsuit"); see also Harris, 190 F.3d at 1285-86. As plaintiff is still awaiting a response from the warden regarding his grievance, he remains in the process of exhausting his administrative remedies. Plaintiff, therefore, has failed to exhaust his remedies completely before filing the instant complaint. Accordingly, his complaint must be DISMISSED.

## III. CONCLUSION

Based on the foregoing, plaintiff has failed to exhaust his administrative remedies. Accordingly, his complaint should be DISMISSED without prejudice.

**SO REPORTED AND RECOMMENDED** this 14th day of March, 2007.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA